BRYAN L. DAWKINS, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 193, 2007.
Supreme Court of Delaware.
Submitted: March 26, 2008.
Decided: June 13, 2008.
Before HOLLAND, JACOBS, and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 13th day of June 2008, upon consideration of the parties' briefs, the Superior Court's report on remand, and the record on appeal, it appears to the Court that:
(1) This is an appeal from the Superior Court's denial of appellant Bryan Dawkins' first motion for postconviction relief. Dawkins, who was represented by counsel at trial, was convicted of first degree murder and related charges. Dawkins' pro se postconviction petition raised numerous claims, including claims of ineffective assistance of counsel. In November 2007, we remanded this matter to the Superior Court to obtain trial counsel's affidavit in response to Dawkins' allegations and to consider Dawkins' allegations in light thereof. The case has been returned from remand.
(2) The trial record in this case fairly established that Dawkins hid inside the trunk of his estranged wife Stacey's car after she walked into the Boys and Girls Club to pick up her young son, Myles. As Stacey was driving, Myles heard Dawkins in the trunk of the car. Stacey stopped to let him out of the trunk, and Dawkins got into the front passenger seat. The two got into a heated argument. Dawkins grabbed the wheel and drove the car off the road into a grass median. He punched Stacey in the face, and she ran from the car into rush hour traffic screaming for help. As traffic came to a halt, witnesses saw Dawkins stab Stacey multiple times. She struggled back to her car but later died from her wounds. An off-duty police officer chased Dawkins, who escaped into a wooded area near the Augustine Cut-Off. A Superior Court jury convicted Dawkins of intentional first degree murder, endangering the welfare of a child, and possession of a deadly weapon during the commission of a felony, but acquitted him of felony murder, first degree kidnapping, and two counts of possession of a deadly weapon during the commission of a felony. His convictions were affirmed on direct appeal.[1]
(3) Dawkins raised the following seven issues in his opening brief on appeal from the Superior Court's denial of his motion for postconviction relief: (i) the arrest warrant was fraudulent; (ii) the indictment was fraudulent; (iii) the prosecutor engaged in misconduct by presenting a fraudulent indictment to the jury; (iv) the prosecutor engaged in misconduct by making a false statement during the closing argument; (v) Dawkins' trial counsel was ineffective; (vi) the trial judge gave a misleading jury instruction on extreme emotional distress; and (vii) the trial judge abused his discretion in allowing Dawkins to proceed pro se on appeal.
(4) We review the Superior Court's denial of a postconviction motion under Rule 61 for abuse of discretion.[2] The Court first must consider the procedural requirements of Rule 61 before addressing any substantive issues.[3] Rule 61(i)(3) provides that any ground for relief that was not asserted in the proceedings leading to the judgment of conviction is barred, unless the petitioner can establish cause for the procedural default and prejudice from a violation of the petitioner's rights.[4] Rule 61(i)(4) bars relitigation of any claims that previously were adjudicated.
(5) In this case, Dawkins' claims that the arrest warrant was fraudulent, the indictment was fraudulent, and the jury instruction on extreme emotional distress was erroneous were all rejected by this Court in Dawkins' direct appeal. Thus, reconsideration of these claims is barred by Rule 61(i)(4). All of Dawkins' remaining claims, except the claim of ineffective assistance of counsel, are barred by Rule 61(i)(3) because Dawkins could have raised these issues on direct appeal but did not. Dawkins' choice to dismiss his counsel and represent himself on appeal leaves no one but himself to blame for the failure to raise these issues on direct appeal.
(6) To the extent Dawkins now contends that the Superior Court erred in allowing him to exercise his constitutional right to represent himself on direct appeal, we find no merit to his contention. Upon remand from this Court, the Superior Court held a hearing on Dawkins' request to proceed pro se. After determining that Dawkins' request was made knowingly, intelligently, and voluntarily and after informing Dawkins of the hazards of self-representation, the Superior Court had no basis to deny Dawkins his constitutional right to represent himself.[5]
(7) Thus, Dawkins' only postconviction issue remaining for this Court's review is his claim of ineffective assistance of trial counsel. To prove his claims of ineffective assistance of counsel, Dawkins must establish: (a) that defense counsel's representation fell below an objective standard of reasonableness; and (b) that, but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the case would have been different.[6] There is a strong presumption that counsel's conduct was professionally reasonable.[7]
(8) Dawkins essentially contends that his trial counsel was ineffective for failing to challenge the arrest warrant and the indictment, for failing to object to the jury instruction on extreme emotional distress, and for failing to object to an erroneous statement in the prosecutor's closing argument. It is clear, as the Superior Court held, that Dawkins cannot establish prejudice with respect to any of these claims. Given this Court's holding on direct appeal that there was no merit to Dawkins' claims regarding the indictment, arrest warrant, and the jury instructions, there clearly is no prejudice to Dawkins from his counsel's failure to object on any of these grounds. Moreover, given the overwhelming evidence presented at trial of Dawkins' guilt, there is no reasonable probability that defense counsel's objection to the prosecutor's mischaracterization of a witness' testimony during closing argument would have affected the outcome of Dawkins' trial.[8]
NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Dawkins v. State, 2005 WL 2254197 (Del. Sept. 15, 2005).
[2] Outten v. State, 720 A.2d 547, 551 (Del. 1998).
[3] Younger v. State, 580 A.2d 552, 554 (Del. 1990).
[4] The procedural bar of Rule 61(i)(3) is inapplicable, however, if there is a claim that the lower court lacked jurisdiction or there is a colorable claim that there was a miscarriage of justice because of a constitutional violation. SUPER. CT. CRIM. R. 61(i)(5).
[5] Hartman v. State, 918 A.2d 1138, 1142 (Del. 2007).
[6] Outten v. State, 720 A.2d at 551-52 (citing the standard set forth in Strickland v. Washington, 466 U.S. 668, 688 (1984)).
[7] Albury v. State, 551 A.2d 53, 59 (Del. 1988).
[8] See Outten v. State, 720 A.2d at 551-52.